# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00331-05/07/08-CR-W-DGK |
| | ) | |
| LEANN RAEJEANA TURNER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case concerns allegations that nine individuals conspired to engage in mortgage fraud. Now before the Court is Defendants James Nash, Arman Nshanian, and Linda Johnson's joint Objection to Order Denying Request for Joint Representation Pursuant to Rule 59(b)(2) (doc. 109). These moving defendants seek to have retained counsel Gregory Emerson and Patrick Peters concurrently represent them in this matter. Although these Defendants have waived any actual or potential conflicts of interest, the Government objects, arguing that Mr. Emerson's prior representation of a witness the Government intends to call at trial creates an unwaivable conflict of interest. On June 3, 2011, Magistrate Judge Maughmer held a hearing to address the joint representation issue and subsequently issued an order (doc. 100) denying the request. Defendants now appeal that ruling to this Court.

A defendant's Sixth Amendment right to be represented by counsel of his choice is not absolute. *Wheat v. United States*, 486 U.S. 153, 154 (1988). The right may be overcome by the demonstration of an actual conflict or the serious potential of a conflict. *Id.* There is serious potential for a conflict of interest where the attorney for a defendant in a federal criminal prosecution has previously represented witnesses who may be called to testify at the current trial.

*United States v. Shepard*, 675 F.2d 977, 979 (8th Cir. 1982). Even where defendants have waived their conflict-free right to trial, the court's responsibility to exercise supervisory authority over members of the Bar prevails. *Id.* Defense counsel's prior representation of an expected witness raises two possibilities of conflict: (1) the attorney's pecuniary interest in furthering a business relationship with the former client may impede effective representation of the present client; and (2) the attorney may misuse confidential information obtained from the former client to the detriment of the adverse. *Id.* The risk of an actual conflict of interest is most common when counsel's former client testifies as a government witness against counsel's current clients. *Moss v. United States*, 323 F.3d 445 (6th Cir. 2003); *United States v. Flynn*, 87 F.3d 996 (8th Cir. 1996).

Here, the government intends to call as a witness Anahit Nshanian, Defendant Nshanian's sister, who was formerly represented by Mr. Emerson in a similar case of mortgage fraud (*United States v. Clark et al.*) in which she pleaded guilty. During her interview in the investigation for that case, Ms. Nshanian stated that Defendant Nshanian and her father explained to her how the mortgage scheme worked and that her brother prepared her taxes after she purchased her home. Based on these statements and other similarities between Ms. Nshanian's case and the current case, the government argues that Ms. Nshanian's testimony is directly inculpatory to the Defendant.

A lawyer has an obligation to protect both current and former clients. *United States v. Rahman*, 861 F. Supp. 266, 274 (S.D.N.Y. 1994). As Judge Maughmer rightly observed, "conflicts of interest arise whenever an attorney's loyalties are divided and an attorney who cross-examines former clients inherently encounters divided loyalties." *United States v.*

*Moscony*, 927 F.2d 742, 750 (3d Cir. 1991). If allowed to proceed with the joint representation, Mr. Emerson will be placed in the inherently conflicted position of potentially having to cross-examine a former client while representing three co-defendants. The risk of an actual conflict of interest here is simply too high. Accordingly, Defendants' objection is OVERRULED.

                                                  /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT

Dated: September 12, 2011